**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BENJAMIN MUMAW, ET AL.,** | ) | **CASE NO.1:13CV1048** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **OHIO STATE RACING** | ) | **OPINION AND ORDER** |
| **COMMISSION, ET AL.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiffs' Benjamin Mumaw, Joshua Mumaw and Eyes of a Child Stables Motion for Temporary Restraining Order (ECF #4 ) and Tandem Supplemental Motion for Temporary Restraining Order (ECF # 6).  The Court held a telephone conference with counsel for Plaintiffs and Defendants Ohio State Racing Commission, the individual Stewards and Caesars Entertainment Corp. on June 19, 2013.  Based on the representations of counsel at the conference and the motions, and for the following reasons, the Court denies Plaintiffs' Motion.

On May 8, 2013, Plaintiffs Benjamin and Joshua Mumaw and Eyes of a Child Stables

filed their Complaint against Defendants Ohio State Racing Commission, William Crawford, Richard Kinsey, Joseph McCullough, Phillip T. Gore, Jr., Caesars Entertainment Corporation and Deborah Jones. The Complaint alleges 42 U.S.C. §1983 claims for violating Plaintiffs' Fourth and Fourteenth Amendment Rights under the U.S. and Ohio Constitutions, Constitutional violations and abuse of power claims against the members of the Board of Stewards in their official and individual capacities; breach of contract, declaratory relief, defamation and false light claims against Caesars Entertainment Corp.; and extortion, defamation, libel and false light claims against Defendant Deborah Jones. On June 17, 2013, Plaintiffs filed a Motion for Temporary Restraining Order against the Ohio State Racing Commission, seeking to enjoin a hearing set for June 20, 2013 regarding Joshua Mumaw's license as a trainer. On June 19, 2013, Plaintiffs filed a Tandem Motion to Supplement their Motion for Temporary Restraining Order. According to the Tandem Motion, on June 17, 2013, Plaintiff Benjamin Mumaw received via mail a notice from the Board of Stewards that his owner/trainer license had been suspended for a year and fined him $1000 to be paid within 48 hours. Further, after discussions with counsel for the Ohio Attorney General's Office, Plaintiff learned that the Chief Steward is appointed by the Ohio State Racing Commission but the associate stewards are hired by Caesars. Thus, Plaintiff seeks to further enjoin Defendant Caesars' Stewards.

Benjamin and Joshua Mumaw are a father and son thoroughbred horse training operation. The father, Benjamin has been training race horses since 1974 and is a partner in Plaintiff Eyes of a Child Stables. His son, Joshua, has been training horses since 2009. According to the Motion for TRO, Plaintiffs have been ordered to appear before the Ohio State Racing Commission and its Board of Stewards on June 20, 2013 to answer charges brought against them

by the Board of Stewards. The June 20, 2013 hearing is intended to address the allegation that Joshua Mumaw engaged another trainer to register a horse in a race and identify the other trainer as the trainer of the Mumaw trained horse in order to evade the prohibition against the Mumaw's entering horses in races while under suspension. The charges would have the effect of suspending Joshua's license to train thoroughbred race horses.

According to Plaintiffs, they are at risk of losing their entire business if they are prohibited from racing this racing season. While Plaintiffs are presently entering horses in racing in Pennsylvania, Pennsylvania and Ohio have reciprocal suspension practices wherein, if an owner/trainer is suspended in one state, they will be suspended in the other.

At the June 19, 2013 telephone conference, Plaintiffs' and Defendants' counsel agreed that the June 20, 2013 hearing had been cancelled. Furthermore, Defendant Ohio State Racing Commission's counsel represented that her client has suspended its investigation of Joshua and had no present intention of pursuing sanctions against him. Therefore, the Court finds that the primary purpose of the Motion for TRO is moot.

However, Plaintiffs have requested the Court enjoin the Defendants from taking any further actions against them.

## **LAW AND ANALYSIS**

Injunctive relief is an extraordinary remedy and is issued cautiously and sparingly. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-313 (1982).

Four factors must be considered when deciding whether to grant an injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether there is a threat of irreparable harm to the movant; (3) whether others will suffer substantial harm as a result of

3

the injunction, should it issue; and (4) whether the public interest will be served by the injunction. *See Rock & Roll Hall of Fame and Museum, Inc. v. Gentile Prods.*, 134 F. 3d 749, 753 (6th Cir. 1998); *Vittitow v. Upper Arlington*, 43 F. 3d 1100, 1109 (6th Cir. 1995) (the four factors are "not prerequisites to be met, but factors to be balanced."); *D.B. v. Lafon*, 2007 U.S. App. LEXIS 3886 (6th Cir. 2007). While no single factor will be determinative as to the appropriateness of the equitable relief sought, (*In re DeLorean Motor Co.*, 755 F. 2d 1223, 1229 (6th Cir. 1985)), "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F. 3d 620, 625 (6th Cir. 2000).

The moving party must establish its case by clear and convincing evidence. *See Deck v. City of Toledo*, 29 F. Supp. 2d 431, 433 (N.D. Ohio 1998), *citing Garlock, Inc., v. United Seal, Inc.*, 404 F. 2d 256, 257 (6th Cir. 1968).

After considering the representations of the parties, the Court finds Plaintiffs have not met their burden of showing a strong likelihood of success on the merits warranting the extraordinary relief of an injunction. First, Defendants have represented the June 20, 2013 hearing is cancelled and no further actions will be taken at this time against Joshua Mumaw. Furthermore, Defendant Ohio State Racing Commission represented, and Plaintiffs did not deny, that Benjamin Mumaw failed to apply for a license for 2013; therefore, he would not be permitted to race his horses in Ohio even if the Court enjoined the Board of Stewards from enforcing their suspension of him. Also, counsel for the Ohio State Racing Commission informed the Court that filing an appeal of the Board's decision against Benjamin Mumaw would automatically stay the suspension and fine pending a de novo review of the Board's decision. Plaintiffs' own Exhibit #1 to his Tandem Motion confirms he was noticed of his

appellate rights and of his opportunity to exercise them. As of the date of this Order, and based upon Plaintiffs' counsel's representations, Plaintiffs' time to appeal had not yet run. Thus, any alleged harm incurred by the Mumaws would be negated in the near term, obviating any need of a Temporary Restraining Order. Lastly, based on the undisputed representations of the Ohio State Racing Commission's counsel, any conflicts of interest present in the Board of Stewards hearing and decision making authority is extinguished on appeal, since that determination is made by an impartial hearing officer on de novo review.

Therefore, for the foregoing reasons, the Court denies Plaintiffs' Motion for Temporary Restraining Order and Tandem Supplemental Motion for Temporary Restraining Order.

IT IS SO ORDERED.

                                                  s/ Christopher A. Boyko
                                                  CHRISTOPHER A. BOYKO
                                                  United States District Judge

Dated: June 19, 2013