## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **BENJAMIN MUMAW, ET AL.,** ) | CASE NO. 1:13CV1048 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| **OHIO STATE RACING COMM. ET AL** ) | <u>OPINION AND ORDER</u> |
| ) | |
| Defendant. ) | |

**<u>CHRISTOPHER A. BOYKO, J</u>:**

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Plaintiffs' Complaint (ECF # 20).  For the following reasons, the Court grants the Motion.

### <u>Background Facts</u>

On May 8, 2013, Plaintiffs Benjamin and Joshua Mumaw and Eyes of a Child Stables filed their Complaint against Defendants Ohio State Racing Commission ("Racing Commission"), William Crawford, Richard Kinsey, Joseph McCullough, Phillip T. Gore, Jr., Caesars Entertainment Corporation and Deborah Jones.  On July 31, 2013, Plaintiffs amended their Complaint removing Caesars Entertainment Corp. and adding Thistledown Racetrack, LLC. The Complaint alleged 42 U.S.C. §1983 claims for violating Plaintiffs' Fourth and Fourteenth Amendment Rights under the U.S. and Ohio Constitutions, Constitutional violations and abuse of power claims against the members of the Board of Stewards in their official and individual capacities; breach of contract, declaratory relief, defamation and false light claims against Thistledown; and extortion, defamation, libel and false light claims against Defendant Deborah Jones.

On June 17, 2013, Plaintiffs filed a Motion for Temporary Restraining Order against the Ohio State Racing Commission.  That Motion was denied on June 19, 2013.  After the Court's ruling denying the TRO, Defendants moved to dismiss Plaintiff's claims.  On July 26, 2013, Plaintiffs expressed their intent to file an Amended Complaint.  The Court ordered Plaintiffs to file their Amended Complaint by August 1, 2013.  The Court mooted the pending Motions to Dismiss in light of the new allegations in the Amended Complaint.  Plaintiffs filed their Amended Complaint on July 31, 2013 and filed a Motion for Leave to file a Second Amended Complaint.  Defendants filed new Motions to Dismiss the First Amended Complaint and oppose granting Plaintiffs leave to amend their Complaint.

**Motion for Leave to Amend Complaint**

According to Plaintiffs, they want to add a claim for State Action against a private entity based on discovery of information obtained after filing their original Complaint.   Furthermore, Plaintiffs contend they have been subjected to additional retaliatory actions by Defendants warranting additional allegations and claims.  Finally, based on these additional actions, Plaintiffs have suffered and will suffer the loss of future economic benefits warranting an additional claim.

Defendants Thistledown Racetrack, LLC, Richard Kinsey and Joel McCullar oppose Plaintiffs' Motion for Leave to Amend because Plaintiffs offer no legal basis for amending and failed to attach a copy of the proposed Second Amended Complaint to their Motion for Leave.

Plaintiffs reply that they believed they were limited in revising their original Complaint by the Court's docket entry granting Plaintiffs' Motion to Amend to correct the named parties. Therefore, Plaintiffs filed their First Amended Complaint, correcting the named parties, then followed up with their Motion for Leave to Amend to add new claims.  Plaintiffs further attached

their proposed Second Amended Complaint to their Reply.

Fed. R. Civ. P. 15(a)(2) reads in part, "The court should freely give leave [to amend] when justice so requires."  However, this liberal amendment policy is not without limits.  The Sixth Circuit has observed, "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)).

While this will be the second amendment and third complaint in less than a year, given the Sixth Circuit's liberal application of Rule 15, the Court grants Plaintiffs' Motion for Leave to file their Second Amended Complaint.  Plaintiffs have adequately explained their reasons for filing for leave, which demonstrates no bad faith or undue delay.  Plaintiffs allegations that additional adverse acts have taken place since their original Complaint and that their additional claims only came to light after discovery warrants granting leave to amend.  However, the Court will not allow any further amendments.  Plaintiffs shall file their Second Amended Complaint no later than February 26, 2014.  The pending motions to dismiss are denied as moot due to the Court's granting leave to amend.

IT IS SO ORDERED.

                                               s/ Christopher A. Boyko
                                               CHRISTOPHER A. BOYKO
                                               United States District Judge

Dated:  February 21, 2014