UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MUMAW, et al, ) | CASE NO. 1:13-CV-1048 |
| ) | |
| Plaintiffs, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| OHIO STATE RACING COMM'N, et al, ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.**:

Before the Court is Defendant Ohio State Racing Commission's ("the Commission") Motion to Dismiss filed on March 6, 2014.  (Def. Comm'n's Mot. to Dismiss (ECF DKT #44)).  Plaintiffs Benjamin Mumaw, Joshua Mumaw and Eyes of a Child Stables ("Plaintiffs") have neither filed a brief in opposition nor made any other objections to this Motion, and the time for doing so has elapsed.

Also before the Court is Defendant William Crawford's ("Crawford") Motion to Dismiss filed on March 26, 2014.  (Def. Crawford's Mot. to Dismiss (ECF DKT #47)).  On April 10, 2014, Plaintiffs filed their Objection to this Motion.  (Pl.'s Objection (ECF DKT #52)).  Defendant Crawford has filed no reply to Plaintiffs' Objection, and the time for doing so has elapsed.

For the following reasons, the Court GRANTS both the Commission's and Crawford's Motions to Dismiss.

## I. PROCEDURAL BACKGROUND

On February 26, 2014, Plaintiffs filed their Second Amended Complaint, seeking recovery against the Commission under 42 U.S.C. § 1983.  (Pls.' 2d Am. Compl. at 11 (ECF DKT #43)).  Plaintiffs claim the Commission violated the Fourth and Fourteenth Amendments to the U.S. Constitution and Article 1, Sections 1 and 14 of the Ohio Constitution by depriving them of their "property rights" to have their horse, *Officer Moo La Moo*, entered in a race.  (Pls.' 2d Am. Compl. at ¶ 55-58).   Plaintiffs claim the Commission involuntarily withdrew Plaintiffs' horse from racing without providing a pre-deprivation or prompt post-deprivation hearing or conducting an inquiry into the allegations regarding Plaintiffs' eligibility to participate.  *Id.*.  The Commission, on March 6, 2014, and Crawford, on March 26, 2014, filed the present Motions to Dismiss for Failure to State a Claim upon which Relief Can Be Granted and for Lack of Subject-Matter Jurisdiction, claiming Eleventh Amendment Immunity from suit on this matter.  (Def. Comm'n's Mot. to Dismiss at 2) and (Def. Crawford's Mot. to Dismiss at 1 and 4).

## II. FACTUAL BACKGROUND

Plaintiffs, Benjamin Mumaw and Joshua Mumaw, are Ohio residents and members of a father/son operation that breeds and trains racehorses and Plaintiff, Eyes of a Child Stables, is a racing consortium and registered partnership in the State of Ohio.  (Pls.' 2d Am. Compl.at ¶¶ 12-15).  In this action, they seek monetary damages and injunctive relief against the Commission and the other named Defendants.  (*Id.* at ¶¶ 1-7).

The Commission is a statutorily created Ohio agency "charged with the regulation, supervision and rule enforcement for Thoroughbred and Standardbred horse racing in the

State of Ohio," (*Id.* at ¶ 17), and Crawford is the Executive Director of the Commission. (*Id.* at ¶ 18). The Commission vests its authority regarding horse racing, participants, personnel and activities involved in horse racing in a Board of Stewards. (*Id.* at ¶ 53). On November 8, 2012, the Board of Stewards at Thistledown Racetrack, under the Commission's authority, withdrew Plaintiffs' horse, *Officer Moo La Moo*, from a race. (*Id.* at ¶ 58). Plaintiffs' horse was withdrawn following Defendant Jones's communication alleging that Plaintiffs had a horse at Sugar Creek Livestock Auction, (*Id.* at ¶ 39), which is known to occasionally sell horses to slaughterhouses. (*Id.* at ¶ 44). The Board of Stewards also suspended Plaintiffs' track privileges for the balance of 2012 and, after a later hearing, permanently barred them from entry. (*Id.* at ¶¶ 41 and 48-51).

Although selling and purchasing horses at auction for the purpose of slaughter violates no state or federal laws, (*Id.* at 45), the Thistledown Boarding Agreement prohibits parties from selling race horses for slaughter or at an auction house that sells horses for slaughter. (*Id.* at ¶ 42). Plaintiff Joshua Mumaw was the recorded owner of the former race horse, *High Success*, when it was sold at Sugar Creek Livestock Auction. (*Id.* at ¶ 33). Plaintiffs claim, however, that the horse had been given to "a woman," (*Id.* at ¶¶ 30-31), and deny any part in or knowledge of the horse being at auction. (*Id.* at ¶ 36).

### III. LAW AND ANALYSIS

**A.     The Ohio State Racing Commission is Immune from Plaintiffs' 42 U.S.C. § 1983 Claim for Damages and Injunctive Relief under the Eleventh Amendment.**

Under the Eleventh Amendment, states and their agencies, absent express consent, enjoy immunity from suit in federal court regardless of the kind of relief sought. *Papasan v. Allain*, 478 U.S. 265, 276 (1986) ("This bar exists whether the relief sought is legal or

equitable."); *Green v. Mansour*, 474 U.S. 64, 73 (1985) (holding that declaratory judgment is appropriate only where it would not effectively result in legal or equitable relief). Exceptions to this immunity exist where the target is not the state or its agency, where the target is a county or municipality, where the suit is filed purely to enjoin a state official from violating federal law, where immunity has been abrogated by Congress under its Fourteenth and Fifteenth Amendment enforcement power, where the Federal Government brings the lawsuit and where the state brings the suit on its own behalf. *Ernst v. Rising*, 427 F.3d 351, 358-59 (6th Cir. 2005) (citations omitted). However, none of these exceptions apply to claims filed against a state or its agencies for monetary relief under 42 U.S.C. § 1983. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 618 (2002) (holding that "a state is not a person against whom a § 1983 claim for money damages might be asserted").

The Sixth Circuit has long followed the jurisdictional bar approach in *Eldman v. Jordan*, 415 U.S. 651 (1974), that Eleventh Amendment Immunity may be raised by the parties at any time or *sua sponte* by the court because it "implicates important questions of federal court jurisdiction and federal-state comity." *Cady v. Arenac County*, 574 F.3d 334, 344 (6th Cir. 2009) (citing *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008)).

The burden to prove Eleventh Amendment Immunity rests with the party asserting it, *Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 963 (6th Cir. 2002), and the inquiry typically turns on whether the institution is an arm, alter ego, or political subdivision of the state. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). In making this determination, courts consider:

> (1) whether the state would be responsible for a judgment against the entity in question, (2) how state law defines the entity, (3) what degree of control the

state maintains over the entity, and (4) the source of the entity's funding. *Ernst*, 427 F.3d at 359 (citation omitted). The most important of these factors is whether monetary judgments against the target would be paid out of the state treasury. *Cash v. Hamilton County Dep't of Adult Prob.*, 388 F.3d 539, 545 (6th Cir. 2004).

Neither side contests that the Commission is an administrative agency of the State of Ohio. The Commission is created and defined under O.R.C. § 3769.02 and funded out of the State of Ohio Treasury under O.R.C. §3769.03. The Commissioners are appointed by the governor, subject to the approval of the Ohio Senate and can be removed for misconduct by the governor. O.R.C. § 3769.02. While the Commission may "sue and be sued in its own name," the state is, in fact, responsible for judgments against it as all the Commission's funds are expended from the state treasury. O.R.C. § 3769.03. Thus, the Court finds that the Commission is unequivocally an "arm" of the State of Ohio entitled to Eleventh Amendment Immunity.

Further, the Commission and the State of Ohio have not waived immunity in federal courts for claims against the Commission that arise under 42 U.S.C. § 1983, but require that "any action against the commission . . . be brought in the court of common pleas of Franklin County." O.R.C. § 3769.03.

For the foregoing reasons, the Court GRANTS the Ohio State Racing Commission's Motion to Dismiss as to Plaintiffs' claims against the Commission.

**B.    The Pleadings are Insufficient to State a Claim upon which Relief Can Be Granted Against William D. Crawford.**

In deciding a motion to dismiss under FED. R. CIV. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.] Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

Plaintiffs' Second Amended Complaint fails to provide any facts or allegations that would lead the Court to a reasonable inference of Crawford's liability. Plaintiffs state only that "William Crawford is the Executive Director of the Ohio State Racing Commission," (Pls.' 2d Am. Compl. at ¶ 18), and that they are seeking injunctive, compensatory, punitive and declaratory relief against him. (Pls.' 2d Am. Compl. at 30). While Plaintiffs argue that their pleadings include claims regarding Crawford's personal involvement in the Board of Stewards' May 9, 2013 hearing, (Pls.' Objection at 3), no such allegations actually exist on the face of their Second Amended Complaint or any Complaints preceding it. Since a pleading that offers only "labels and conclusions" is insufficient, *Twombly*, 550 U.S. at 555, the Court finds that the Plaintiffs' Second Amended Complaint is insufficient to state a claim upon which relief can be granted against Crawford.

For the forgoing reasons, the Court GRANTS Crawford's Motion to Dismiss as to Plaintiffs' claims against him.

**IT IS SO ORDERED.**

                **s/ Christopher A. Boyko**
                **CHRISTOPHER A. BOYKO**
                **United States District Judge**

Dated: June 30, 2014